Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

**FILED**
U.S. DISTRICT COURT
BRUNSWICK DIV.

for the

_____ District of _____

2023 OCT 17 A 10: 36

_____ Division

CLERK _____
SO. DIST. OF GA.

Lanett H Johns
et al "see attached"

Case No. CV223-115
(to be filled in by the Clerk's Office)

)
)
)
)

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Melissa Perignat/Fox Run GA, LLC

Jury Trial: *(check one)*  ☐ Yes  ☑ No

)
)
)
)
)
)
)
)
)
)
)
)

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Lanett H Johns     et al "SEE ATTACHMENT" 1 - RED | | |
| Address | 1020 Hunters Horn Lane | | |
| | Brunswick | GA | 31525 |
| | *City* | *State* | *Zip Code* |
| County | Glynn | | |
| Telephone Number | 912-269-4778 | | |
| E-Mail Address | johnsfisherman@aol.com | | |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | Melissa Perignat | | |
| Job or Title *(if known)* | Registered Agent for Fox Run GA, LLC | | |
| Address | 1776 Peachtree Street, NW | | |
| | Atlanta | GA | 30309 |
| | *City* | *State* | *Zip Code* |
| County | Fulton | | |
| Telephone Number | 770-436-3400 | | |
| E-Mail Address *(if known)* | mperignat@tpa-grp.com | | |

[ ] Individual capacity   [✔] Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | | | |
| Job or Title *(if known)* | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| County | | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

[ ] Individual capacity   [ ] Official capacity

Laura M Riley
1024 Hunters Horn Lane
Brunswick, GA 31525
Glynn County

_____
Signature

laura.morris1449@gmail.com        954-651-4844
Email Address                                    Telephone Number

Christine M Polmanteer
1026 Hunters Horn Lane
Brunswick, GA 31525
Glynn County

_____
Signature

Cpolms5@gmail.com        912-242-9215
Email Address                          Telephone Number

Laura Jane Stanton
500 Fox Run Circle
Brunswick, GA 31525
Glynn County

_____
Signature

l.stanton.stanton@gmail.com        828-507-4479
Email Address                                     Telephone Number

William Stanton
500 Fox Run Circle
Brunswick, GA 31515
Glynn County

_____
Signature

WWS15@AOL.COM        828-507-5500
Email Address                        Telephone Number

Carol Williams
100 Coyote Lane
Brunswick, GA 31525
Glynn County

_____
Signature

golfdevil2013@g.mail.com        843-467-9689
Email Address                                  Telephone Number

Kathy Kraus
501 Fox Run Circle
Brunswick, GA 31525
Glynn County

_____
Signature

KrausKathy@rocketmail.com        404-694-6725
Email Address                                   Telephone Number

Bobbie C Shoemaker
507 Fox Run Circle
Brunswick, GA 31525
Glynn County

_Bobbie C. Shoemaker_
Signature

bcshoemaker@bellsouth.net
Email Address

912-996-5515
Telephone Number

Betty Jean Sellars
503 Fox Run Circle
Brunswick, GA 31525
Glynn County

_Betty Jean Sellars_
Signature

sellars253@gmail.com
Email Address

229-251-3545
Telephone Number

Marilyn P Anderson
102 Fox Run Drive
Brunswick, GA 31525
Glynn County

_Marilyn P. Anderson_
Signature

BOBandLYNNhere@aTT.Net
Email Address

(912) 574-7098
Telephone Number

Patricia L Martin
104 Fox Run Drive
Brunswick, GA 31525
Glynn County

_Patricia L. Martin_
Signature

pmaetin31525@gmail.com
_Patricia L. Martin_
Email Address

(919)824-8296
Telephone Number

Jerry R Barnett
110 Fox Run Drive
Brunswick, GA 31525
Glynn County

_Jerry Barnett_
Signature

papawbarnett@yahoo.com
Email Address

912-230-0223
Telephone Number

Cynthia L Barnett
110 Fox Run Drive
Brunswick, GA 31525
Glynn County

_Cynthia L. Barnett_
Signature

Cindibarnett@hotmail.com
Email Address

912-265-0587
Telephone Number

Pro Se 15 (Rev. 12/16)   Complaint of Violation of Civil Rights (Non-Prisoner)

1.      The Parties to This Complaint

    A.      The Plaintiff(s)

        Jennifer C Ranger
        146 Fox Run Drive
        Brunswick, GA 31525
        Glynn County

        Signature

        rockenh@yahoo.com
        Email Address

        912-8577-7003
        Telephone Number

        Steven D Graham
        125 Coyote Lane
        Brunswick, GA 31525
        Glynn County

        Signature

        Steve_@schellhugan.com
        Email Address

        912-617-1407
        Telephone Number

        Lawanda H Graham
        125 Coyote Lane
        Brunswick, GA 31525
        Glynn County

        Signature

        lovgraham62@ymail.com
        Email Address

        Telephone Number

        Pattisue Elliott
        520 Fox Run Circle
        Brunswick, GA 31525
        Glynn County

        Signature

        psElliott520@gmail.com
        Email Address

        (706) 977-8334
        Telephone Number

        Gregory D Stann
        519 Fox Run Circle
        Brunswick, GA 31525
        Glynn County

        Signature

        gdstann@bellsouth.net
        Email Address

        912-215-0371
        Telephone Number

Peter T Snell
126 Fox Run Drive
Brunswick, GA 31525
Glynn County

_____
Signature

PETERTSNELL@GMAIL.COM
Email Address

404 536 6758
Telephone Number

William S Smith
174 Fox Run Drive
Brunswick, GA 31525
Glynn County

William S. Smith
Signature

BILLSMITHSouthern Contractors
@outlook.com
Email Address

912-267-7799
Telephone Number

Elaine C Marlatt
176 Fox Run Drive
Brunswick, GA 31525
Glynn County

Elaine Marlatt
Signature

elaine marlatt@outlook.com
Email Address

912-245-0232
Telephone Number

Kathy W Franklin
1018 Hunters Horn Lane
Brunswick, GA 31525
Glynn County

Kathy W Franklin
Signature

Kathywfranklin@comcast.net
Email Address

912-265-3691
Telephone Number

Bobby C Johns
1020 Hunters Horn Lane
Brunswick, GA 31525
Glynn County

Bobby C Johns
Signature

JOHNSFISHERMAN@AOL.com
Email Address

912-269-2838
Telephone Number

Lanett H Johns
1020 Hunters Horn Lane
Brunswick, GA 31525
Glynn County

Lanett H. Johns
Signature

JOHNSFISHERMAN@AOL.COM
Email Address

912-269-4778
Telephone Number

Signature

David Haney
509 Fox Run Circle
Brunswick, GA 31525
Glynn County

chaney1963@gmail
Email Address

912 393 4742
Telephone Number

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**Defendant No. 3**

    Name                          _____

    Job or Title *(if known)*    _____

    Address                        _____

                                      *City*             *State*          *Zip Code*

    County

    Telephone Number

    E-Mail Address *(if known)*

    ☐ Individual capacity    ☐ Official capacity

**Defendant No. 4**

    Name                          _____

    Job or Title *(if known)*    _____

    Address                         _____

                                        *City*             *State*          *Zip Code*

    County

    Telephone Number

    E-Mail Address *(if known)*

    ☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.    Are you bringing suit against *(check all that apply)*:

         ☐ Federal officials (a *Bivens* claim)

         ☐ State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

        _____

    C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?
Fox Run the Village
Brunswick, GA 31525

B.      What date and approximate time did the events giving rise to your claim(s) occur?
August 31, 2021

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
Fox Run the Village is a local community, approximately 20 years old, consisting of 60 single family attached fee simple homes, operating under a Homeowner Association and a Declaration of Covenants. On August 31, 2021, Fox Run GA, LLC purchased the remaining 96 lots to build duplexes for the purpose of renting only.
Prior to the closing on the lots, our local Board of Directors was asked to resign. After the closing, a new Board was established without the inclusion of any Homeowners. A Property Manager, located in Atlanta was identified to manage Fox Run the Village. Due to the lack of knowledge of the operation of the Community and being off-site, they solicited assistance through an Advisory Board consisting of Homeowners to assist in the day-to-day operations. This process started with three (3) volunteers and ended with one (1) due to the magnitude of time necessary to handle the tasks that was asked of them.
SEE ATTACHMENT 2- RED

On June 1, 2022 Community Association Management was hired by the Declarant, Jim Chapman.  Their main office was located in Atlanta and our representative was located in Augusta.

After five (5) months of absentee management, we sought legal assistance in asking for Community Management to be replaced.

**SEE EXHIBIT "A"**

No action was taken.  On June 30, 2023, the Fox Run Board of Directors intervened and terminated Community Management after continuing complaints from Homeowners and by the Board's own observation of neglect in the community

On July 1, 2023, Association Management Company, a local company, was hired to replace Community Management.  The Company reports only to the Board of Directors.  Even though Homeowners are instructed to report covenant violations to them,  no action is taken by Association Management until the Board of Directors approves the outcome.  There have been a significant number of violations reported.  Association Management advised they would conduct a once monthly ride-by and requested Homeowners forward photographs depicting violations.  Since they were hired, almost ninety (90) days ago, the reported violations have not been addressed.  With one hundred ninety two (192) new tenants, Covenant enforcement is paramount.

This is a prelude to our question to be asked in section **V**.



LAW OFFICE
**STACY L. PATRICK**
ATTORNEY AT LAW
708 G Street
Brunswick, GEORGIA 31520

Telephone: (912) 264-5915

Facsimile: (912) 264-0980
stacy@stacypatricklaw.com

November 2, 2022

Jim Chapman
2700 Cumberland Parkway S.E., Suite 130
Atlanta, GA, 30339


VIA REGULAR MAIL AND UPS: _____-_____-_____-_____-_____


RE:   Removal of Community Management Associates, Inc. to manage
      Fox Run Property Owners Association, Inc.


Dear Mr. Chapman:

    I have been retained by a significant number of homeowners in Fox Run Property Owners Association, Inc. (hereinafter the "Association") to express their deep dissatisfaction and request for immediate termination of Community Management Associates, Inc. (hereinafter "CMA).

    CMA is wholly incapable of managing the daily affairs of the Association and the needs of its property. Under its "management", the pool has been closed by the County for over two months due to sanitation issues as well as failure to generally maintain and preserve the area. The irrigation system throughout Fox Run has been inoperable since March. Homeowner water bills have been unnecessarily excessive for seven months due to lack of irrigation. A new pump was ordered in June with anticipated delivery in August. As of this writing, there is still no irrigation. The private beach by the lake has deteriorated to the point of being unusable with weeds and the tarp undercover becoming full exposed. See various photos enclosed.

    In July 2022, fifty-one percent of owner-occupied Fox Run homeowners informed you of their dissatisfaction with CMA and put you on notice of the above-stated issues. You failed to take any action in this matter; and CMA continues to prove they are wholly incapable of addressing the concerns of homeowners within Fox Run. **After five months of their management, not one of the above issues has been addressed or fully remediated.** In addition, please see attached.

Homeowners pay approximately $550 - $765 per quarter in Association dues. At this point, they are questioning why they would keep paying when CMA is clearly incapable of addressing serious issues within Fox Run.

At the bequest of homeowners in Fox Run and based on the foregoing reasons, please terminate CMA immediately. CMA does not manage any other associations in Glynn County, and it is clear a local property management company could do a much more effective and efficient job for Fox Run. One company that has managed the Association in the past, Great Oaks Properties, proved to be effective and affordable.

I have advised my clients to proceed with legal action in the event these issues are not timely addressed. The homeowners at Fox Run want and deserve a voice in the future of their lifetime investment. If you have any questions or wish to discuss this further by phone, please do not hesitate to call me.

Sincerely,

Stacy L. Patrick

## COMMUNITY MANAGEMENT ASSOCIATION HAS FAILED TO:

* hold an introductory meeting with homeowners to share their goals/objectives for Fox Run after five months of tenure
* provide monthly financial statements
* provide 2023 budget
* pay vendors timely**
* provide regular property inspections***
* provide information on new contracts****
* enforce covenants*****
* follow up on maintenance requests******
* respond to emails timely or not at all


* scheduled meeting with less than 24 hour notice-less than 2% of homeowners attended due to short notice - CMA was two hours late
** prior landscape company, pool company resigned due to non payment-company hired to trim palms yet to be paid
***amenities continuing to deteriorate-no improvement after five months
****hired new landscape company from Savannah, ga-involves 160 miles round trip for one day to do lawn maintenance failed to furnish scope of work or cost after several requests
***** CMA made exception to covenants allowing motor home to remain after numerous complaints by homeowners - also allowed tent to remain on same property for a month after complaints - no response after requesting reminder email be sent out regarding violation of covenants for walkways and garage doors
****** failed to replace bulbs on Lair dock walkway requested weeks ago-illumination needed for safety and security

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

The owner of the ninety-six (96) lots owned by Fox Run GA, LLC has a contract to sell The Cottages at which time their goal is to transfer Declarant Control to the new buyer.  The rental units are 99% complete and the sale is imminent.  It is our understanding they will sell to an Investor/Corporation.

Attached you will find the Covenant EXHIBIT B - YELLOW.  We have always understood that once all lots are built out, Declarant Control would be returned to the Fox Run the Village Homeowners. We have sought legal counsel and are attaching their opinions - EXHIBIT C - BLUE

In good faith, we asked for the interpretation, in writing, from the owner prior to filing a complaint with the Court EXHIBIT D - GREEN

We asking for your interpretation of this Covenant.

Our second request is, in light of the fact that the new owner would have majority voting rights as they would own 96 lots (196 rental units) verses 30 lots (60 homes) independently owned, what rights would we have if we are negatively affected by their decisions.

the contrary herein, Declarant shall have the exclusive authority to appoint and remove directors and Officers until the earlier of: (1) July 1, 2033, (2) the date as of which Units to which one hundred percent (100%) of the Community has been developed and conveyed to Owners in the normal course of development and sale, or (3) the surrender in writing by Declarant of the authority to appoint and remove officers and directors of the Association. Each Owner, by acceptance of a deed to or other conveyance of a Lot, vests in Declarant this authority to appoint and remove directors and officers of the Association.

     2.    In all other respects, the terms and conditions of the Bylaws shall control and shall be in full force and effect.

Signed, sealed and delivered this
24th day of June, 2013,
in the presence of:

_Marcia W. Baker_
Unofficial Witness

_BZK Mackey_
Notary Public

**FOX RUN PROPERTIES, LLC**
a Georgia limited liability company

By: _____ (SEAL)
Robert E. Blake, Manager

"Section 2.    Directors Appointed by Declarant.  Subject to Article XVI, Section 3 of the Covenants, notwithstanding anything to the contrary herein, Declarant shall have exclusive authority to appoint and remove Directors and Officers until the earlier of: (1) July 1, 2028, (2) the date as of which ninety-five percent (95%) of the total number of Lots planned for the Community shall have been conveyed to Owners other than a Person constituting the Declarant or an Approved Builder, or (3) the surrender in writing by the Declarant of the authority to appoint and remove Officers and Directors of the Association. Each Owner, by acceptance of a deed to or other conveyance of a Lot, vests in Declarant this authority to appoint and remove Directors and Officers of the Association."

6.  Article III, A., Section 6, of the Bylaws is amended by adding thereto the following:

"On or about the date of the within Amendment,

    (a) A new Board of Directors shall be elected as soon as possible following the approval of this Amendment;

4820-4310-4360 v3

Deed Book 3941 Page 105, Filed and Recorded 09/12/2018 at 03:44:00 PM
CFN #632018009979  Ronald M. Adams  Clerk of Superior Court  Glynn
County, GA



From: Jeff Rentz JRentz@ssilegal.com
Subject: RE: Fox Run
Date: Mar 24, 2023 at 2:37:33 PM
   To: Lanett Johns johnsfisherman@aol.com
   Cc: kathywfranklin@comcast.net

I just got off the phone with representatives from TPA Group who represent Fox Run Ga, LLC, the current Declarant. I told them that I interpret the Declaration to state that the control of the Association expires upon the conveyance of 95% of the lots and that I wanted/needed them to confirm that in writing to me. They are going to look into that.


From: Brian Corry brian@msclawga.com
Subject: Re: Fox Run
Date: Aug 15, 2023 at 2:16:59 PM
   To: Lanett Johns johnsfisherman@aol.com, Britt Smith
      britt@msclawga.com
   Cc: Kathy kathywfranklin@comcast.net

Good afternoon,

Apologies, I was out of the office yesterday afternoon. I did speak to Will Kings last week regarding several matters.

Britt's summation of my conversation with Will is accurate. Will acknowledged the prior issues with CMA and the landscaping crew. He confirmed CMA was terminated and Association Management was hired. From his perspective they want to work with the current owners to make sure everyone is pleased with the condition of the property. I assume this is partly because he confirmed there is a contract to sell to a new entity. He would not go into detail on the sale, but did believe they would be able to transfer declarant's rights to the new owner. When I objected and suggested they did not have that authority, he noted that even if they did not have the power to transfer declarant's rights, the new owner would still control a majority of HOA votes.

From: Lanett Johns johnsfisherman@aol.com
Subject: Fox Run-The Village- Brunswick, Ga
Date: Oct 2, 2023 at 10:25:11 AM
To: mperignat@tpa-grp.com
Bcc: Kathy kathywfranklin@comcast.net



Ms. Perignat,
I am reaching out to you as you are the Registered Agent
for FoxRun GA, LLC. and legal counsel for the TPA Group.

To introduce myself, I was the listing Broker for Fox Run on
the sale to a land broker who subsequently sold to Jim Chapman
on 8-31-2021.  As the Broker here for some ten years, and a
resident for fifteen years, I provided all the requests for
information for the sale to the selling Broker.

Jim Chapman reached out to me after the purchase and
ultimately I ended up acting as an advisor to Melanie Buress
until Community Association Management was hired on 6-1-2022.
They were terminated on 6-30-2023, by the Fox Run Board
after continuous complaints by the Homeowners, and the
Board confirming neglect in fulfilling their obligations.

Association Management was hired on 7-1-2023 for the
Homeowners and included Rangewater, the management
company for The Cottages.  Even though we are sharing
the expense for the management company, we have no
input in decisions as we have been informed by them that
they only take direction from the Board.

To date, we continue to voice our concerns via email, photos
and attorneys, at the lack of covenant enforcement, by the
the management company, the Fox Run Board of Directors,
and Rangewater, without any noticeable results.

On May 18, 2023, a meeting of the Homeowners was held with
Will King and two other Board members, at their request.
At this meeting, we were advised that Jim Chapman was no
longer in charge and the Fox Run Board was now our direct point
of contact.  At the same meeting, it was also shared that there
was a contract for the sale of The Cottages.

Also stated, Declarant rights would be transferred to the new buyer
on date of closing.  This would allow the buyer to be exempt from paying
the $500 per unit, as has been our policy and acted on in past sales in Fox Run.
I have since spoken with Will King on more than one occasion on this matter.

We have had two Glynn County attorneys directly disagree with
Will King of his decision to transfer Declarant rights to a new buyer.
Control should be returned to the Homeowners according to their
interpretation of our recorded Covenants.  Our attorney has also

stated that the Covenant is not ambiguous.

I am requesting your interpretation of the Covenant that allows
you to take this action.

I'm not going to attach a massive amount of emails or photos
documenting the lack of covenant enforcement, security, deterioration
of our amenities, lack of complete financials and maintenance of our
property.  This has gone on for two years and continuing, leaving us
without a voice on any decisions.

Our attorney has advised if there is no resolution to this , we should
move forward and have a Judge rule on the interpretation. We are prepared
to do so as we know the sale is imminent.  It is not our desire to take legal action,
but you are leaving us no choice if you do not honor our Covenant as it is written.

We, as Homeowners, can no longer be excluded from the decision making
process and start over with a new owner continuing down the same path
moving forward.  We have a vested interest in the well being of our community
unlike that of a temporary resident and an absentee owner.

A copy of this email will be included in our documents to the Judge
showing good faith on our part that we attempted to resolve this issue
prior to further pursuing a legal path.

I would appreciate a timely response to share with the Homeowners.

Please acknowledge receipt of this email.

Thank you,
Lanett Johns
johnsfisherman@aol.com
1020 Hunters Horn Lane
Brunswick, ga 31525

From: **Fox Run** foxrunboardofdirectors@gmail.com
Subject: **Fox Run-The Village- Brunswick, Ga**
Date: **Oct 8, 2023 at 10:27:38 AM**
To: **Lanett Johns** johnsfisherman@aol.com

Good morning, Ms. Johns. This response is being sent on behalf of the Board of the Fox Run Property Owners Association, Inc. The Board thanks you for your involvement in the community and efforts to continue its improvement. Since the meeting in May of 2023, the Board has been working diligently to make changes for the ultimate betterment of the community and its residents, including hiring new vendors, replacing the association management company, and ensuring that residents can access financial records. However, many of your concerns and those of your fellow residents, especially as it relates to implementing new processes for notices and covenant enforcement, are not capable of being fixed immediately – even with diligent efforts and the appropriate processes and procedures in place, it takes time.

With respect to your comments on the transfer of Declarant rights, the Board, too, has had a number of attorneys review the Declaration and its many amendments, and they agree that it is not ambiguous. However, they agree that it is not ambiguous as to the fact that the current Declarant ***does have*** the absolute right to transfer the Declarant rights to a purchaser of its lots.

Below are a few of the provisions evidencing this right:

- ***The Declarant Control Period is in effect and will not end if the current Declarant transfers its Declarant rights.*** Although there have been a number of amendments and agreements on the expiration, the Amendment to Declaration recorded September 12, 2018 (recorded DB 3941, Page 105) controls and the expiration date is (a) July 1, 2028 or (b) the date as of which 95% of the total number of Lots planned for the Community shall have been conveyed to Owners other than a Person ***constituting the Declarant*** or Approved Builder. Therefore, a transfer to a successor Declarant (as would be the case in the proposed transaction) would not end the Declarant Control Period.
- ***The definition of Declarant clearly includes successors who are transferred such Declarant rights.*** Definition below
  - "<u>Declarant</u>" shall mean and refer to Fox Run Properties, LLC, a Georgia limited liability company, and such of its successors-in-title who shall (i) acquire, from a predecessor "Declarant," for the purpose of development or sale, all or any portion of the real property described on Exhibits "A" and "B" hereto, and (ii) be designated as the "Declarant" in the deed of transfer by which such successors-in-title shall so acquire its interest in such real property, or by written assignment of Declarant rights in an instrument recorded in the Official Records.
- ***The definition of "Declarant Control Period" (as governed by Article III, Section 2 of the Bylaws, as amended) acknowledges that a successor Declarant qualifies***. By use of the phrase "constituting the Declarant" this definition further evidences the clear intent for the ownership threshold to relate to the original Declarant ***and all successor Declarants***.

The Board has no desire for this matter to come to litigation, which, in the end is costly and stressful for all involved, and the Board appreciates your good faith efforts to resolve the matter, but respectfully disagrees with your conclusion.  Please let us know if you have any questions or would like to discuss further.

Sincerely,
The Board of the Fox Run Property Owners Association, Inc.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _October 17, 2023_

Signature of Plaintiff   _Lanett H. Johns_
Printed Name of Plaintiff   Lanett H Johns   et al

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Address   _____

_____
City            State         Zip Code

Telephone Number   _____
E-mail Address   _____

**To the Judge of Federal Court**

**9/2022** - We contacted Attorney Kristen McKnight, Hunter-Maclean Law Group.  After a meeting with her, she notified us by email that she would not be able to take our case because there was a conflict as her firm had been involved in the sale of Fox Run the Village.

**10/2022** - We contacted Attorney Stacy Patrick.  We met with her on two occasions.  She wrote a letter on our behalf which is included in our document.  When no action was taken by the Defendant, she referred us to Attorney Jeff Rentz as he had previously handled an issue for Fox Run The Village Homeowners.

**2/2023 & 4/2023** - We met with Attorney Jeff Rentz.  He worked with us to the point of providing us with a course of action stating we should have a Judge interpret the Covenant.

**5/2023** - He then declined to take it to litigation as his schedule would not permit.  He confirmed he would arrange for another Attorney to take our case and he would remain as an Advisor.

**6/2023** - We were told by Attorney Jeff Rentz that Attorney Charlie Dorminy, Hall- Booth would take over our case.  We were instructed to email the names of the Plaintiffs to Dorminy for a conflict check.

**7/2023** - We were notified by Attorney Jeff Rentz that Attorney Charlie Dorminy was too busy to take our case.

**8/2023** - Attorney Jeff Rentz arranged a meeting with Attorneys Britton Smith and Brian Corry.  After our meeting we were made aware they could not take our case because they had a conflict of interest as their client was the newly hired management company for Fox Run The Village and Fox Run The Cottages.