# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| LANETT H. JOHNS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MELISSA PERIGNAT and FOX RUN GA, LLC,<br><br>    Defendants. | CV 2:23-115 |

## ORDER

Before the Court is a motion to dismiss filed by Defendants Melissa Perignat and Fox Run GA, LLC. Dkt. No. 3. The motion has been fully briefed and is ripe for review. For the reasons stated below, the motion is **GRANTED**.

## BACKGROUND[1]

This case was initiated on October 17, 2023 by twenty-four *pro se* Plaintiffs, all of whom own homes in Fox Run the Village ("Village"), a townhome community in Brunswick, Georgia. Dkt. No. 1. While the complaint is itself a form complaint for violation of civil rights, Plaintiffs' claims are not related to civil rights at all. Rather, Plaintiffs' claims sound in contract. Specifically, Plaintiffs are challenging decisions by the Fox Run Property Owners Association's Board of Directors regarding the

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

management of the Village.  See id. at 10-12.  Plaintiffs also ask the Court to interpret one of the Association's covenants and to advise them of their rights pending a sale of Village lots to a new owner.  Id. at 14-15.  Based on the complaint, Plaintiffs seek neither damages nor injunctive relief.  See id.

Plaintiffs complaint is brought against Defendants Melissa Perignat and Fox Run GA, LLC.  Id. at 1.  Ms. Perignat is the registered agent and general counsel for TPA Group, an affiliate of Defendant Fox Run GA, LLC.  Dkt. No. 3-1 at 3; Dkt. No. 3-2 ¶ 4.  Defendant Fox Run GA, LLC owns the majority of the Village lots and is the declarant under the Association's declaration of covenants.  Dkt. No. 3-2 ¶¶ 5, 6.  Together, Defendants move to dismiss Plaintiffs' complaint in its entirety based, in part, on the lack of subject matter jurisdiction.  Dkt. No. 3-1 at 4-6.

## LEGAL AUTHORITY

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for the dismissal of a claim when it is determined that the court lacks subject-matter jurisdiction. See FED. R. CIV. P. 12(b)(1). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and may

proceed as it never could under Rule 12(b)(6) or FED. R. CIV. P. 56." Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

The Court may consider exhibits attached to the complaint on a motion to dismiss. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). And it may consider documents attached to a motion to dismiss if they are "central to the plaintiff's claim" and "authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

## DISCUSSION

Plaintiffs do not state a basis for federal jurisdiction in the complaint. See Dkt. No. 1 at 8. Due to the nature of Plaintiffs' claims—purely contractual and involving only state law—the Court determines there is no basis for federal question jurisdiction. 28 U.S.C. § 1331. Thus, diversity of citizenship is the sole remaining possible basis for federal subject matter jurisdiction in this case. 28 U.S.C. § 1332(a). As explained below, diversity of citizenship is lacking; therefore, the complaint is **DISMISSED without prejudice**.

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In the complaint's caption, Plaintiffs name as Defendants Melissa Perignat and Fox Run GA, LLC. Dkt. No. 1 at 1. In the body of

the complaint, however, Defendants identify only Ms. Perignat as a Defendant. Id. at 2. Construing Plaintiffs' complaint liberally, the Court concludes Plaintiffs intended to sue both Ms. Perignat and Fox Run GA, LLC.

Plaintiffs are all citizens of Georgia. Dkt. No. 1 at 2-7; Dkt. No. 5 at 1. Defendant Perignat is also a citizen of Georgia. Dkt. No. 1 at 2; Dkt. No. 3-2 ¶ 3. Thus, because every Plaintiff is not diverse from every Defendant, diversity jurisdiction does not exist. Triggs, 154 F.3d at 1287. Such a conclusion could be the end of the Court's inquiry. Based on her declaration, however, Defendant Perginat "ha[s] no connection to or involvement with the Village, the association management companies that have operated at the Village, or the day-to-day operations of Fox Run [GA, LCC]." Dkt. No. 3-2 ¶ 12. Therefore, Plaintiffs might have improperly named Ms. Perignat as a Defendant. In the event Ms. Perignat was improperly named as a Defendant in this action, the Court will also analyze the citizenship of Defendant Fox Run GA, LLC.

For the purpose of determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013) (quoting Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir. 2004)).

Based on an organizational chart attached to Defendants' motion to dismiss, which Plaintiffs do not challenge, Fox Run GA, LLC is wholly owned by SMC TPA Fox Run, LLC. Dkt. No. 3-2 at 7. SMC TPA Fox Run, LLC, has two members, one of which is Smith Chapman Townhomes III, LLC. Id. Smith Chapman Townhomes III, LLC, in turn, has two members, one of which is Smith Chapman Partners III, LLC. Id. Smith Chapman Partners III, LLC, also has two members. Id. Both of these members are citizens of Georgia, with Member One residing in Moreland, Georgia, and Member Two residing in Atlanta, Georgia. Id. at 4, 7. Because Member One and Member Two are Georgia citizens, Fox Run GA, LLC is necessarily a Georgia citizen. Flintlock Const. Servs. LLC, 374 F.3d at 1022 ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). Therefore, even if Ms. Perignat—a Georgia citizen—is removed as an improperly named Defendant in this matter, diversity jurisdiction still does not exist because Defendant Fox Run GA, LLC's citizenship (Georgia) is not diverse from every Plaintiff's citizenship (also Georgia). Accordingly, the Court does not have subject matter jurisdiction over this case, and Defendants' motion to dismiss, dkt. no. 3, is **GRANTED**.

## CONCLUSION

Defendants' motion to dismiss, dkt. no. 3, is **GRANTED**, and Plaintiffs' claims against them are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 8th day of December, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA